UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number: 1:16-cv-23799-JAL

JUAN CARLOS GIL

    Plaintiff,
vs.

ANTHROPOLOGIE, INC.

    Defendant.

---

**PLAINTIFF'S VERIFIED CERTIFICATE OF COUNSEL REGARDING ANY PRIOR FILINGS UNDER THE AMERICANS WITH DISABILITIES ACT**

**NOTICE OF PENDING, REFILED, RELATED OR SIMILAR ACTIONS**

---

As an officer of the Court, and attorney for Plaintiff Juan Carlos Gil ("Plaintiff") and in accordance with the court's order dated September 7, 2016 [DE #7], I hereby verify and certify the above-styled case has never been filed with the Clerk of the United States District Court. Counsel for Plaintiff files this Verified Certificate Regarding Prior Filings of the Defendant Anthropologie, Inc. or its property under the Americans with Disabilities Act as follows:

    1.    Counsel conducted a search of case filings in the records of the Clerk of the United States District Court for all districts to ascertain whether or not the Defendant Anthropologie, Inc. or its property has ever been sued prior to the filing of this suit, for alleged violations for the same, similar, or any, alleged violations of ADA. According to the PACER report dated September 1, 2016, counsel did locate four lawsuits against

1

the Defendant which were regarding ADA violations, which are delineated in pertinent part below.

CASE NUMBER ONE:

2. Case Number 3:09-cv-00291-JAH was filed in the Southern District of California on February 17, 2009 against (among others) the Defendant Anthropologie, Inc.  The complaint was regarding barriers to access related to the Anthropologie retail store located at the Otay Ranch Town Center shopping complex located at 2015 Birch Road, Chula Vista, California.  The Plaintiff (Barbara Hubbard) in this instant action was an individual confined to a wheelchair and at issue was alleged barriers to access within the Anthropologie retail store consisting of an uneven floor ( the floor was cobblestone) and there was no bench in the dressing room (only a stool).  The Plaintiff filed a Notice of Voluntary Dismissal on May 7, 2009 and the matter as to Defendant Anthropologie, Inc. was terminated on May 7, 2009.

3. Case number 3:09-cv-00291-JAHis not related to the instant action as the subject facility location is not the same location as the instant action (which is the Defendant's website www.anthropologie.com).  Further, Case Number 3:09-cv-00291-JAHwas regarding access barriers, which is significantly different than the instant action.

CASE NUMBER TWO:

4. Case Number 1:14-cv-20546-MGC was filed in the Southern District of Florida on February 13, 2014 against the Defendant Anthropologie, Inc.  The complaint was regarding barriers to access related to the Anthropologie retail store located at 1108 Lincoln Road, Miami Beach, Florida.  The Plaintiff in this action is visually impaired but filed suit regarding the POS devices used at this retail store for the customers to pay

2

for purchases.  The suit was regarding the fact that the POS devices required entry of personal identification numbers on a non-tactile screen without auxiliary aids such that visually impaired individuals could not purchase any item independently as the general public.

5. The Plaintiff voluntarily dismissed the action prior to the Defendant filing its answer and on April 16, 2014 the court dismissed the case.

6. Case number 1:14-cv-20546-MGC is not related to the instant action as the subject facility location is not the same location as the instant action (which is the Defendant's website www.anthropologie.com).  Further, Case Number 1:14-cv-20546-MGC was regarding failure of the Defendant to provide auxiliary aids related to in-store POS devices, which is significantly different than the instant action.

CASE NUMBER THREE:

7. Case Number 1:15-cv-00739-LTS was filed in the Southern District of New York on January 30, 2015 against the Defendant Anthropologie, Inc. and the property owner of the Anthropologie store location. Complaint 1:15-cv-00739-LTS alleged architectural barriers to access related to the Anthropologie retail store located at 375 West Broadway, New York, New York.  The Plaintiff (Luigi Girotto) in this instant action was a paraplegic confined to a wheelchair and at issue was the that the Defendant's Anthropologie retail store contained barriers to access consisting of failure to provide an accessible entrance, inaccessible counters, displays, merchandise and failure to provide signage.  Such barriers to access are architectural in nature related to individuals confined to wheelchairs with mobility impairments. On April 6, 2016 the parties file a Joint Stipulation of Dismissal with prejudice  with all parties bearing their own costs and attorney fees, and on April 6, 2016 the court terminated this case. .

3

8.      Case number 1:15-cv-00739-LTS is not related to the instant action as the subject facility location is not the same location as the instant action (which is the Defendant's website www.anthropologie.com).  Further, Case Number 1:15-cv-00739-LTS was regarding architectural barriers to access, which is significantly different than the instant action.

CASE NUMBER FOUR:

9.      Case Number 1:15-cv-07446-GHW was filed in the Southern District of New York on January 21, 2015 against the Defendant Anthropologie, Inc. and the property owner of the Anthropologie store location. Complaint 1:15-cv-07446-GHW alleged architectural barriers to access related to the Anthropologie retail store located at 85 5TH Avenue, New York, New York.  The Plaintiff (Graciela Bretschneider Doncouse) in this instant action was a paraplegic confined to a wheelchair and at issue was the that the Defendant's Anthropologie retail store contained barriers to access consisting of failure to provide an accessible entrance due to steps at the entrance. Such barriers to access are architectural in nature related to individuals confined to wheelchairs with mobility impairments. On March 23, 2016 the parties file a Stipulation to Discontinue the case with prejudice, without cost to any party against the other,   on March 23, 2016 the court terminated this case. .

10.     Case number 1:15-cv-07446-GHW  is not related to the instant action as the subject facility location is not the same location as the instant action (which is the Defendant's website www.anthropologie.com).  Further, Case Number 1:15-cv-07446-GHW was regarding architectural barriers to access, which is significantly different than the instant action.

4

CONCLUSION:

11. The instant Complaint is concerning barriers to access within the Defendant's website (www.anthropologie.com), wherein the Defendant has denied access to the Plaintiff (an individual with a visual impairment) based on the Defendant's failure to provide auxiliary aids and/or interface with Plaintiff's screen reader software in order for the Plaintiff to comprehend the Defendant's website.

12. The Defendant owns and operates an internet website known as www.anthropologie.com ("website"). The www.anthropologie.com website is a place of public accommodation and has a nexus with the Defendant's physical stores, which are places of public accommodation (42 U.S.C. §12181(7)(E)). The Defendant's website allows the general public to locate a Anthropologie retail store nearest to them, and also the ability purchase online Anthropologie brand merchandise. These services provide the general public access to shop for and order Anthropologie brand merchandise online in a substantially similar way as if an individual were go into one of Anthropologie retail store physical locations.

13. As the website is a different place of public accommodation from the physical locations delineated at Case Numbers 3:09-cv-00291-JAH, 1:14-cv-20546-MGC, 1:15-cv-00739-LTS and 1:15-cv-07446-GHW. Further, Case Numbers 3:09-cv-00291-JAH, 2:10-cv-03010-KJM, and 1:15-cv-00739-LTS are related to physical barrier to access with no reference to the Defendant's The www.anthropologie.com website which is the subject of the instant action. Case number 1:14-cv-20546-MGC is substantially dissimilar as it is related to a POS device and not related to the instant action regarding the Defendant's The www.anthropologie.com website .

14. In addition, a Google search was conducted on July 27, 2016, there are no reported news stories or articles regarding Title III physical or cyber barriers involving the Defendant's website.

Dated this 9th day of September, 2016.

*s/ Scott R. Dinin*
**Scott R. Dinin**
LAW OFFICES OF SCOTT R. DININ P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Telephone: (786) 431-1333
Facsimile: (786) 513-7700
E-mail: inbox@dininlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of September 2016, a true and correct copy of the above was filed in the court's CM/ECF and will be served upon the Defendant when said Defendant makes its appearance.